IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| F.C. DUKE ZELLER, ET AL., | CIVIL NO. 3:10cv00044 |
| *Plaintiffs,* | |
| v. | MEMORANDUM OPINION & ORDER |
| AURORA LOAN SERVICES, LLC, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Notice of Removal of this action from the Circuit Court of the City of Lynchburg, Virginia [docket no. 1]. In its notice of removal, Defendant states that because Plaintiff seeks, *inter alia*, "the entry of an Order requiring the Defendant to 'specifically perform the [federal Home Affordable Modification Program] ("HAMP") Agreement' . . . this Court has jurisdiction under 28 U.S.C. § 1331." The Plaintiffs' complaint, filed in state court, asserts a breach of contract claim and seeks injunctive relief from an impending residential foreclosure. As a basis for their breach of contract claim, Plaintiffs allege that they entered into a mortgage modification agreement pursuant to HAMP, and that the Defendant breached that agreement. Defendant has now removed the matter to this court, essentially asserting that because Plaintiff alleges a contractual duty as outlined by HAMP, the complaint raises a federal question and is therefore removable to this Court.

HAMP provides financial incentives to participating mortgage servicers to modify the terms of eligible loan, and aims to financially assist homeowners who have defaulted on their mortgages or who are in imminent risk of default. *See Marks v. Bank of America, N.A.*, No.

03:10-cv-08039-PHX-JAT, 2010 WL 2572988 (D. Ariz. June 22, 2010) at *5-6 (describing HAMP). However, "nowhere in the HAMP Guidelines, nor in the [legislation authorizing creation of HAMP], does it expressly provide for a private right of action. Rather, Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac." *Id.* at 6. Indeed, by delegating compliance with the HAMP guidelines solely to Freddie Mac, "Congress intended that a private cause of action [under HAMP] was not permitted." *Id.*

"A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (internal quotation marks omitted). The Supreme Court has called the latter category of federal question cases "special and small." *Id.* at 699. Indeed, a "federal issue will ultimately qualify for a federal forum [under § 1331] only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts . . . ." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S 308. at 313-14 (2005).

The federal removal statute allows a defendant to remove a case to federal court if the action is one over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The basis for such jurisdiction must be present in the complaint, rather than in any affirmative defenses raised by the defendant. *See King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003). Removal jurisdiction is not favored, and a court must "construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." *In re Blackwater Security Consulting,*

*LLC*, 460 F.3d 576, 583 (4th Cir. 2006). The party seeking removal bears the burden of showing that removal is proper. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Here, Defendant has failed to meet its burden in establishing subject matter jurisdiction. The sole count in Plaintiff's complaint is a state law breach of contract claim, and Defendant has put forth no reason as to why this case fits within the "special and small" subset of cases where § 1331 jurisdiction applies, particularly where federal law plainly did not create an applicable private right of action. Accordingly, the Court must remand this matter back to the Circuit Court of the City of Lynchburg. *See Delgadillo v. Countrywide Home Loans, Inc.*, No. CV 09-7435 AHM (PLAx), 2009 WL 5064943 (C.D. Cal. Dec. 23, 2009) (remanding in an analogous case); *Kim v. Countrywide Home Loans, Inc.*, No. CV 10-1867 DSF (RCx), 2010 WL 1444678 (C.D. Cal. Apr. 9, 2010) (same).

For the reasons stated herein, this case is REMANDED to the Circuit Court of the City of Lynchburg for any and all further proceedings. This case is hereby TERMINATED, and shall be STRICKEN from the Court's active docket.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record and to the Clerk of the Circuit Court of the City of Lynchburg. The Clerk is further directed to return the original case file, if it has already been transmitted to this Court, to the Circuit Court of Lynchburg.

It is so ORDERED.

ENTERED: This 10th Day of August, 2010.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE